UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | |
| v. | \| | CRIMINAL CASE NUMBER: |
| DARRYL MAURICE BAKER, | \| | 1:18-CR-158-MLB-JSA |
| Defendant. | \| | |

# REPORT AND RECOMMENDATION

Defendant Darryl Maurice Baker is charged with making a threat in interstate commerce. Specifically, the Indictment alleges that:

> On or about February 9, 2018, in the Northern District of Georgia and elsewhere, the defendant, DARRYL MAURICE BAKER, did knowingly and willfully transmit in interstate commerce a communication that contained a threat to injure the person of another, that is, the defendant made a telephone call from the State of Georgia to a Veterans' Affairs facility in the State of New York during which he threatened to injure and kill an employee of a Veterans Affairs Medical Center, in violation of Title 18, United States Code, Section 875(c).

Indictment [16]. Defendant now moves to dismiss [35] the Indictment. Defendant's motion does not take issue specifically with the wording of the Indictment. Rather, Defendant offers a proffer of evidence received in discovery, and argues that considering these facts the Government will not be able to prove

either intent to threaten or that the call traveled interstate.  Such an evidentiary arguments, however, are not for the Court to entertain at this juncture, and therefore the Motion to Dismiss [35] should be **DENIED**.

### A. The Court Cannot Entertain Proffers Of Evidence In Considering A Motion to Dismiss An Indictment

An indictment must set forth the essential elements of the offense. *United States v. Fern*, 155 F.3d 1318, 1324–25 (11th Cir.1998). This rule serves the purposes of (1) informing the defendant of the nature and cause of the accusation, as required by the Sixth Amendment; and (2) ensuring a grand jury found probable cause to support all the necessary elements of the crime, as required by the Fifth Amendment. *Id*. at 1325.  So long as the indictment contains the essential elements, in a way sufficient to apprise the Defendant of what he must be prepared to meet, the indictment is sufficient.  *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).  In assessing sufficiency of an indictment in this regard, the Court "very limited" inquiry looks only to the face of the document itself.  *Id*.; *see also United States v. Ferguson*, 142 F.Supp.2d 1350 (S.D. Fla. 2000).

In this case, Defendant requests that the Court look beyond the Indictment and consider his proffers as to whether the evidence will ultimately support the allegations.  Defendant proffers facts as to what he said in the alleged telephone call, and argues that "[n]one of the statements were intended as, or constitute a

threat to anyone." Defendant cites *Elonis v. United States*, 575 U.S. \_\_\_, 135 S.Ct. 2001 (2015), in which the Supreme Court rejected a jury instruction stating that "the Government need prove only that a reasonable person would regard [the defendant's] communications as threats." 135 S.Ct. at 2012. The Court in *Elonis* made clear that the statute requires more than mere negligence on the part of a person accused of making a threat.

In *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015), the Eleventh Circuit applied *Elonis* to dismiss an indictment that alleged nothing more than mere negligence, that is, that a defendant knowingly transmitted a communication that contained a threat. Defendant argues that these principles compel dismissal here, because he believes that the statements produced in discovery "establish[] without question that he is merely expressing feelings of deep, frustration, anger and helplessness," and "[u]nless the Government has proof of other statements made by Mr. Baker in which he unequivocally intended to deliver a threat, the case should be dismissed at this point." Def. Motion [35] at 4.

Separately, Defendant proffers other facts contrary to the allegations in the Indictment as to the geographic nature of the telephone calls. According to Defendant, Defendant made his call from a telephone in Georgia, to the "VA main number in Georgia," and therefore "there is a fatal absence of the requisite impact on interstate commerce." [35] at 4-5.

As the principles cited above make clear, however, Defendant's request for the Court to dismiss the Indictment prior to trial based on predictions of the evidence is patently meritless. There is no provision in the federal criminal rules akin to summary judgment, that is, that would allow the Court to conduct a pretrial inquiry as to whether the evidence will ultimately support the allegations in the Indictment. *See Sharpe*, 438 F.3d at 1263. Assessments as to the sufficiency of the *evidence*—as opposed to sufficiency of the language of the Indictment—must await trial, via motions for judgement of acquittal, and/or arguments to the jury. These arguments are not a viable topic for a motion to dismiss prior to trial and Defendant points to no authority whatsoever to suggest otherwise.

### B. Sufficiency Of The Wording Of The Indictment

Defendant's motion does not expressly challenge the legal sufficiency of the allegations themselves. It appears, rather, that Defendant's entire argument is premised on the predicted quality of the *evidence*, which as explained above is not cognizable at this juncture. Nevertheless, perhaps in an excess of caution, the Government argues that the language of the indictment is sufficient in light of *Elonis* and *Martinez*. The undersigned has thus considered the language of the Indictment, and agrees that it is sufficient.

In considering this question, the Court applies a "lenient" standard, in which "[p]ractical, rather than technical, considerations govern the validity of an indictment." *United States v. Gray*, 260 F.3d 1267, 1282-83 (11th Cir. 2001) (internal quotations and citations omitted).  Thus, an indictment need not always include magic words of scienter such as "willfully," "knowingly," "purposefully," or "intentionally."  Rather, an indictment sufficiently establishes intent by alleging that the Defendant committed acts that suggest he possessed the requisite mental state.  *See United States v. Davis*, 336 F.3d 920 (9th Cir.2003) (holding that there was no error where "the indictment [did] not contain a specific verbal elaboration of criminal intent" because "the requisite intent [was] unambiguously found in the words of the indictment"); *Cf Martinez*, 800 F.3d at 1295 (finding 875(c) indictment to insufficiently allege intent to communicate a threat, where the indictment "fails to allege Martinez's *mens rea* <u>or facts from which her intent can be inferred</u>, with regard to the threatening nature of her e-mail.") (underlining added).

Here, the Indictment arguably does not include the "magic words" of scienter in the manner contemplated by *Martinez*.  The Indictment states, initially, that the Defendant "knowingly and willfully transmit[ted] in interstate commerce a communication that contained a threat to injure the person of another . . . ."  In and of itself, this language is little different from that which was rejected in *Martinez*.

While the Indictment in this case uses the additional word "willfully," which was not included in *Martinez*, it still relates that mental state to the act of transmitting the communication, rather than with respect to any knowledge or intent vis-à-vis the threatening contents.

Regardless, the allegations otherwise unambiguously show intent. The Indictment here does what the Indictment in *Martinez* did not, which is to describe the threatening content of the communication. And the Indictment does so in terms that clearly imply Defendant's intent: "that is, the defendant made a telephone call from the State of Georgia to a Veterans Affairs facility in the State of New York during which ***he threatened to injure and kill an employee*** of a Veterans Affairs Medical Center, in violation of Title 18, United States Code, Section 875(c)." (emphasis added). Thus, put together, the Indictment states that the Defendant willfully and knowingly made a telephone call, in which he himself expressed an overt threat to injure and kill another. These are the sort of factual allegations that imply intent. Among other reasons, it would naturally follow that a statement of intention to injure and kill someone in these circumstances would be viewed by that person as a "threat." This is sufficient to allege a violation of Section 875(c) even under *Elonis* and *Martinez*.[1]

---

[1] Defendant cites no authority and makes no argument implying any legal deficiency with the wording of the interstate nexus allegations in the Indictment.

## CONCLUSION

Defendant's Motion to Dismiss [35] should be **DENIED**. As the Court previously stated at the pretrial conference, the Motion to Suppress Statements [36] is **DEFERRED** to the District Judge. The case is otherwise **READY FOR TRIAL**.

**IT IS SO RECOMMENDED** on this 6th day of September, 2018.

_____
JUSTIN S. ANAND
U.S. MAGISTRATE JUDGE

---

Plainly, that language is sufficient to allege the interstate nexus element, as the Indictment expressly states that Defendant communicated a threat via a telephone call from Georgia to New York. Defendant's belief that the evidence will show otherwise, like the rest of his evidentiary-based arguments, is simply not a basis to dismiss the Indictment, as explained at length above.